UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | No. CR-06-0149 (BZ) |
| v. | ) | **DETENTION ORDER** |
| JIMMY MULLINS, | ) | |
| Defendant. | ) | |

This matter came before the Court on March 21, 2006 for a detention hearing. The defendant, Jimmy Mullins, was present and represented by Assistant Federal Public Defender Josh Cohen. Assistant United States Attorney Susan Jerich appeared for the United States of America.

Pretrial Services submitted a report to the Court and the parties that recommended detention, and a representative of Pretrial Services was present at the hearing. The Government requested detention, and the Defendant opposed. Proffers and arguments regarding detention were submitted by the parties at the hearing.

1

Having considered the parties' proffers, the Pretrial Services Report and the files and records in this matter, I find by a preponderance of the evidence that defendant is a risk of flight and by clear and convincing evidence that defendant is a danger to the community and I **ORDER** him detained.  In so holding, I have considered the following factors:

1. The defendant is charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

2. The defendant, while a lifelong San Francisco resident, has virtually no record of employment.

3. The defendant has family connections in the area, including a grandmother, mother, significant other, and three children, but his family appears to have been unable to influence the defendant's behavior in a positive manner.

4. The defendant has used several different aliases and dates of birth.  He also gave a false name to the arresting officer in the present case.

5. The defendant was arrested after he led police on a high-speed chase.  He was found with a loaded and cocked firearm under his car seat.  He was the car's only occupant.

6. If the only issue before me were risk of flight, it might be possible to fashion a bond secured by the grandmother's home that would reasonably assure me that he would make his court appearances, though it is not clear the grandmother is willing to post the home.

7. The defendant has a long criminal record that includes five felony and several misdemeanor convictions,

1  generally drug related.  His parole has been revoked several
2  times.  One of his convictions involves a weapon, as do
3  several of his arrests.  The defendant has spent little time
4  outside of the criminal justice system.
5       8.   The defendant appears completely unamenable to
6  supervision by the Court, as evidenced by his parole
7  violations.
8       9.   His record, shows a disturbing combination of
9  drug-related activity, coupled with the current charge of
10 possession of a loaded weapon.  This is a combination that the
11 Congress specifically had in mind when it passed the Bail
12 Reform Act of 1984.  <u>See</u> 18 U.S.C. § 3142(g)(1).
13      10.  Defendant did not proffer any conditions of
14 release, nor have any occurred to the court, that would
15 reasonably assure the safety of the community.  While his
16 grandmother offered to sign an unsecured bond, given the risks
17 discussed above, I do not find that proposal adequate.
18           Therefore, **IT IS HEREBY ORDERED** that:
19           (1) The defendant be, and hereby is, committed to
20 the custody of the Attorney General for a confinement in a
21 corrections facility separate, to the extent practicable, from
22 persons awaiting or serving sentences or being held in custody
23 pending appeal;
24           (2) The defendant be afforded reasonable
25 opportunity for private consultation with his counsel; and
26           (3) On order of a court of the United States or on
27 request of an attorney for the government, the person in
28 charge of the corrections facility in which the defendant is

3

1 | confined shall deliver the defendant to an authorized Deputy
2 | United States Marshal for the purpose of any appearance in
3 | connection with a court proceeding.
4 | March 22, 2006

_____
Bernard Zimmerman
United States Magistrate Judge

10 | G:\BZALL\CRIMINAL\ORDERS\DETENTIO\2006\Mullins.wpd